UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> KALIPH P. WHITLOW, ) <br> ) <br> Defendant. ) | Case No. 10-CR-20050 |

OPINION

Defendant, Kaliph P. Whitlow, pled guilty in 2011 to two counts of distribution of five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), crimes that he committed before the August 3, 2010 effective date of the Fair Sentencing Act of 2010 (FSA). This court sentenced Defendant to 262 months in the Federal Bureau of Prisons (BOP). Following the U.S. Supreme Court's decision in *Dorsey v. United States*, 132 S.Ct. 2321 (2012), the U.S. Seventh Circuit Court of Appeals vacated Defendant's sentence and remanded the case for resentencing in accordance with *Dorsey* and the FSA. This court subsequently sentenced Defendant to a term of 170 months in the BOP. Defendant appealed again. The Seventh Circuit vacated Defendant's sentence and remanded the case to this court for the limited purpose of allowing this court the opportunity to exercise its discretion to adjust Defendant's sentence to account for the eight months he spent in pretrial detention, if this court finds it appropriate to do so. For the following reasons, the court finds such an adjustment would not be appropriate.

BACKGROUND

On June 9, 2010, Defendant was charged with two counts of possession with intent to distribute five grams or more of crack cocaine.[1]  Defendant pled guilty in April 2011 and was sentenced in October 2011 to 262 months in prison to be followed by eight years of supervised release.  Following the issuance of *Dorsey* the case was returned to this court by the Seventh Circuit for resentencing pursuant to the FSA.

On remand, the probation office re-calculated Defendant's sentencing ranges under the FSA to reach a new advisory guidelines range of 188 to 235 months.  The Pre-Sentence Report (PSR) continued to assert that Defendant qualified as a career offender.  Neither party objected to the new PSR, but Defendant filed a sentencing memorandum that raised, among other arguments, the argument that some discount to his sentence was necessary to correct a calculation by the BOP that resulted in a failure to credit him for approximately eight months in federal custody while he was serving time on a state sentence for a crime that could be considered relevant conduct to the offense of conviction in this case.  The government argued at sentencing that Defendant should be sentenced as a career offender and noted that this was Defendant's eighth felony drug conviction and that he also had a robbery conviction on his record, justifying a career offender sentence.  The government, responding to this court's question, contended it was up to the BOP to fix any error in connection with Defendant's pretrial custody period and opposed any action by the district court to credit Defendant for that time.

Defense counsel argued for adjustments based on the BOP error, the need for incremental punishment, the inappropriateness of applying the career offender guideline to a someone like

---

[1] The facts and background here are taken from the Seventh Circuit's opinion in *United States v. Whitlow*, 740 F.3d 433 (7th Cir. 2014).

Defendant, and Defendant's post-sentencing efforts at rehabilitation. Regarding the BOP, this court remarked:

> "Well, and but the way the Bureau of Prisons did it in this case was, in effect, made it consecutive. By not starting until March, they, in effect, waited, I think, until the State sentence was over and then started there and, in effect, took away from me a decision as to whether I wanted consecutive or concurrent. They made it, in effect, consecutive, the way it looks to me."

The court departed from the guidelines range by 18 months, citing Defendant's efforts to rehabilitate himself while in custody. The court, in sentencing Defendant to 170 months, stated:

> "I'm not going to make any comment about the Bureau of Prisons' calculation. So I'm not, in effect, lowering your sentence because they decided to make the sentence consecutive. I would have made it concurrent if I'd have known it, but that's the way things are."

The Seventh Circuit vacated Defendant's sentence and remanded to this court on the BOP credit issue, stating:

> "The parties now agree that the court misapprehended its discretion to adjust [Defendant]'s sentence to account for the eight months he was held in pretrial custody, time for which the BOP declined to give him credit. The court made it clear that it would have sentenced [Defendant] differently if it had known the BOP would take this approach. But the court does in fact possess the discretion to adjust

[Defendant]'s sentence to account for the time the BOP refused to credit. [citations omitted] We therefore vacate and remand [Defendant]'s sentence for the limited purpose of giving the court an opportunity to exercise its discretion to adjust [Defendant]'s sentence to account for the eight month pre-trial detention, if the court finds it appropriate to do so." *Whitlow*, 740 F.3d at 440.

ANALYSIS

This case is back before this court on the narrow issue of whether this court, in its discretion, will adjust Defendant's sentence downward eight months for the eight months he spent in federal custody in pretrial detention while also serving his sentence on a state court conviction. Defendant argues that he is entitled to an eight month adjustment under the sentencing guidelines because "[t]he offense conduct in the state case could easily be considered relevant conduct in this case" and "[t]hus, it is reasonable to adjust the sentence downward in this case to account for the [eight] months [Defendant] spent in federal pretrial custody that the BOP refused to credit." The government responds that the guidelines do not support such an adjustment and that a downward adjustment is not supported by the sentencing factors of 18 U.S.C. § 3553(a).

18 U.S.C. § 3584 gives a district court the discretion to impose a term of imprisonment either concurrently or consecutively to a prior discharged term, taking into consideration factors enumerated in 18 U.S.C. § 3553(a). *United States v. Campbell*, 617 F.3d 958, 960 (7th Cir. 2010). The guideline section which governs the imposition of a sentence that is subject to another undischarged term of imprisonment is U.S.S.G. § 5G1.3. *Campbell*, 617 F.3d at 960. Because the instant offense was not committed while Defendant was serving a term of imprisonment, § 5G1.3(a) does not apply. Therefore, only § 5G1.3(b) or (c) applies.

*Which Guidelines Section Applies*

U.S.S.G. § 5G1.3(b) states:

> "If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b) (2013).

The government argues that Defendant's state term of imprisonment did not result from an offense that is relevant conduct to the instant offense of conviction, nor from conduct that was the basis for an increase in his offense level, and thus § 5G1.3(b) should not apply. The only argument provided by Defendant on this point is that the state conviction is relevant conduct because, like the federal offense, it involved crack cocaine in Kankakee County in 2009.

The court agrees with the position advanced by the government. The guidelines define "relevant conduct" as that which informs the calculation of the imposed guideline sentence, and

which is comprised of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" U.S.S.G. § 1B1.3(a)(1) (2013). Here, Defendant committed the instant offense during two controlled drug purchases in January 2009. The PSR's offense conduct section lists only conduct that occurred in December 2008 through January 2009. Defendant was not charged with the state offense until late 2009 for conduct that occurred in September 2009, conduct that occurred nearly eighth months *after* the instant offense. Further, per paragraph 11 of the PSR, the only amounts Defendant was being held liable for in the calculation of his base offense level was for the controlled purchases from December 2008 through January 2009. Defendant was also classified and sentenced as a career offender. *Whitlow*, 740 F.3d at 436-37. Thus, Defendant's offense level was determined by the career offender guideline, not the drug guidelines. The 2009 state conviction was not used to qualify Defendant as a career offender. Based on the facts before the court as contained in the PSR, the court concludes that the 2009 state conviction was not relevant conduct to the instant federal conviction and was not used as a basis to increase Defendant's offense level. Therefore, § 5G1.3(b) does not apply.

The court agrees with the government that § 5G1.3(c) is applicable to Defendant's case. That subsection states:

> "(Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

6

U.S.S.G. § 5G1.3(c) (2013).

The application notes to subsection (c) in the commentary to § 5G1.3 state:

"In General.— Under subsection (c), the court may impose a sentence concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment. In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:

(i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii) the type (e.g., determinate, indeterminate/parolable) and length of the undischarged sentence;

(iii) the time served on the undischarged sentence and the time likely to be served before release;

(iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

\*\*\*

Downward Departure.- Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. However,

7

in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction." U.S.S.G. § 5G1.3 cmt. n. 3 (2013).

Examining Defendant's record and the facts surrounding his state sentence, the court agrees with the government that a downward departure under § 5G1.3(c) is not warranted in this case. First, examining the § 3553(a) factors, Defendant has an extensive criminal history involving drug crimes and was properly classified as a career offender. Defendant has eight prior felony convictions for drugs and robbery. Taking into account Defendant's prior record, an eight month downward adjustment would not serve the § 3553(a) factors.

Further, this does not meet the "extraordinary case" standard mentioned in comment note 3(E). Defendant had served only 18 months of a 30 month sentence when he was transferred to federal custody. The court finds that this would not be "a very substantial period of imprisonment on an undischarged term of imprisonment." Finally, the court agrees with the government that the need for incremental punishment counsels against a downward departure. The combined punishment

of the state sentence and the federal sentence was not unduly increased "by the fortuity and timing of separate prosecutions and sentencings." This court has commented in the past that Defendant, in the Kankakee County courts, received consistently lenient treatment despite his extensive felony drug record. Defendant served only 18 months of his 30 month state sentence, and an eight month federal departure here would, for all intents and purposes, basically reduce that sentence to ten months and would not be consistent with the need for incremental punishment. It would result in, essentially, a windfall for Defendant. Therefore, this court, in its discretion, will not grant a downward departure under comment note 3(E) to § 5G1.3(c) of the sentencing guidelines.

    IT IS THEREFORE ORDERED:

The court, in the exercise of its discretion, declines to adjust Defendant's sentence for the eight months he spent in pretrial detention. The amended judgment entered by this court on 2/4/13 is hereby reinstated. Defendant has ten (10) days from the date of this opinion to file a notice of appeal.

    ENTERED this 7th day of May, 2014.

    s/ MICHAEL P. McCUSKEY
    U.S. DISTRICT JUDGE